UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSE DANIEL ESTRADA-BORDAS,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

CASE NO. C26-2008-BAT

**ORDER GRANTING PETITION
AND ORDERING RELEASE**

Petitioner requests, under 28 U.S.C. § 2241, the Court order (1) his immediate release from immigration detention; and (2) an award of Equal Access to Justice Act fees and costs. The Court **GRANTS** the habeas petition as follows:

1. Petitioner, a citizen of Honduras entered the United States near Del Rio, Texas, without permission or inspection on May 30, 2023, was detained, issued a Notice to Appear which states "you are an alien present in the United States who has not been admitted or paroled," and granted interim release. On December 19 2023, Respondents issued an Order of Release on Recognizance (OREC) and directed to attend immigration proceedings in Portland, Oregon. Petitioner retained a lawyer to prepare and file an application for asylum but unbeknownst to Petitioner, counsel died before the filing deadline of May 2024. After learning his lawyer had died, Petitioner was able to apply for withholding of removal and protection

ORDER GRANTING PETITION AND
ORDERING RELEASE - 1

under the Convention against Torture (CAT) and the immigration court set a hearing for June 18, 2026 on the matter.

2.    Between July 16, 2023 and April 28, 2026, petitioner checked in with the ICE-ERO office initially every three months and then every six-months; he claims he has never missed a check-in. On August 24, 2025, Petitioner was arrested for DUI in Eugene, Oregon with a blood alcohol level of .09, above the legal limit of .08 under Oregon Revised Statue 813.010 (1)(a). Petitioner attended all DUI proceedings and entered into a Diversion Agreement which allows him to obtain dismissal in October 2026 upon successful completion.

3.    On October 28, 2025, Petitioner reported to the Portland ICE-ERO office for a scheduled check-in and was not arrested. On April 28, 2026, Petitioner again reported to the ICE field office in Portland, was arrested, not afforded a hearing, and transported to the Northwest ICE Processing Center where he is presently detained.

4.    The Court rejects Respondents' contention relief should be denied because Petitioner is mandatorily detained under 8 U.S.C. § 1225 as an "applicant for admission." Petitioner has lived in the United States for three years. Petitioner was released on an OREC, and release under an OREC is authorized under § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115–16 (9th Cir. 2007) (holding noncitizens released on an OREC must necessarily have been detained and released under § 1226). Petitioner's OREC states he is being released on his own recognizance "[i]n accordance with section 236 of the Immigration and Nationality Act," which corresponds to 8 U.S.C. § 1226. His Notice to Appear also states Petitioner is a noncitizen "present in the United States who has not been admitted or paroled." Accordingly, the Court finds § 1226, not § 1225, governs Petitioner's detention.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 2

5.      Petitioner contends he was redetained in violation of due process. Both Petitioner and Respondents address the due process claim applying the test articulated in *Mathews v. Eldridge*, 424 U.S. 319, 334-335 (1976):

(1) the private interest affected by the official action;

(2) the risk of erroneous deprivation of such interest through the procedures used and value of procedural safeguards; and

(3) the Government's interest and burdens additional procedural safeguards would entail.

6.      Petitioner's weighty liberty interest in continued freedom from detention weighs in his favor. The risk of erroneous deprivation is high. Respondents argue providing Petitioner with notice and a hearing before detention is impracticable or would motivate flight. The records shows the contrary. Petitioner did not flee when arrested for DUI and instead attended his state court hearings and was participating in a deferred prosecution program. After he was arrested for DUI, Petitioner did not avoid reporting to ICE, instead reported to the ICE office two months after his arrest, at which time ICE did not detain him. There is nothing showing Petitioner is a flight risk. Petitioner has lived in the country for over four years, and other than an arrest for DUI in which he is participating in a deferred prosecution program, there is nothing indicating he is a threat to the community. The Court finds the risk of erroneous detention to be high. Lastly the Court finds the third *Mathews* factor favors Petitioner because Respondents' interest in civil detention of Petitioner is low. *See E.A. T.B, v. Wamsley*, 795 F.Supp.3d 1316, 1323-24 (W.D. Wash. 2025).

6.      The Court accordingly finds Petitioner has a protected liberty interest in his continuing release from custody and each of the *Mathews* factors weigh in his favor. The Court further finds a post-deprivation bond hearing is an inadequate procedural safeguard

ORDER GRANTING PETITION AND
ORDERING RELEASE - 3

because it would occur only after detention and thus fails to address an erroneous deprivation of liberty. *E.A. T.B*, 795 F.Supp.3d at 1323-24, citing *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.").

For the foregoing reasons, the Court **ORDERS**:

1. Petitioner's petition for writ of habeas corpus is **GRANTED**.

2. Respondents shall **RELEASE** Petitioner from immigration detention within 24 hours of the date and time this order is filed.

3. Respondents shall file a **CERTIFICATION** Petitioner has been released no later than 48 hours of the date and time this order is filed.

4. The Court denies any blanket request that Respondents be enjoined from ever redetaining Petitioner again without first providing notice and a hearing because there may be valid statutory grounds that require Respondents to redetain him. *See e.g.* U.S.C. § 1226(c). However, Respondents are **PROHIBITED** from redetaining without notice and a hearing Petitioner for invalid reasons or no reason at all.

5. Petitioner's counsel may move for EAJA fees and costs consistent with the law and the statute. If counsel requests EAJA fees be paid directly to counsel, counsel shall submit sufficient evidence that Petitioner has assigned fees and costs to counsel.

6. The clerk shall provide a copy of this order to all counsel.

ORDER GRANTING PETITION AND
ORDERING RELEASE - 4

DATED this 29th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING PETITION AND
ORDERING RELEASE - 5